# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7977 | **DATE** | March 11, 2011 |
| **CASE TITLE** | Anderson v. Chicago Land Trust, et al. | | |

**DOCKET ENTRY TEXT:**

The Court *sua sponte* dismisses without prejudice the amended complaint for want of jurisdiction. The Court grants leave to file a second amended complaint by April 18, 2011.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

"Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 59 (7th Cir. 1996) ("it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme").

The Court dismissed plaintiff's original complaint because he asserted that the court has diversity jurisdiction but failed to allege properly the citizenship of any party. The plaintiff filed an amended complaint that comes closer to establishing that the Court has jurisdiction over this case, but plaintiff has still failed to allege the citizenship of defendant Northeast Illinois Medical Properties, L.P.

"The citizenship of a partnership is the citizenship of the partners, even if they are limited partners, so that if even one of the partners (general or limited) is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Here, plaintiff states the name and citizenship of the general partner. With respect to limited partners, however, plaintiff asserts that they exist and that they are "on information and belief" citizens of Illinois. This will not suffice. Plaintiff must allege the names of the limited partners and the citizenship of each. *See Guaranty*, 101 F.3d at 59 ("To determine the citizenship [of the partnership], we need to know the name and citizenship(s) of its general and limited partners."); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("It is impossible to determine diversity of citizenship without knowing who the persons in question are. And litigants instructed to specify the partners and the citizenship may not respond with a vacuous statement such as, 'no partner is a citizen of Illinois.' How can anyone tell? Once the court sounds the alarm, the litigants must be precise.")

| STATEMENT |
|---|

Accordingly, the Court must, once again, dismiss the case without prejudice. Plaintiff is granted until April 18, 2011 to file a second amended complaint. Of course, plaintiff may also file his claims in state court.